UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVATORE DEGIORGIO,

                Petitioner,

v.

DANIEL FITZPATRICK,

                Respondent.

Case No. 08-CV-6551 (KMK) (LMS)

ORDER ADOPTING REPORT AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

Petitioner Savatore DeGiorgio filed a *pro se* petition for a writ of habeas corpus on July 23, 2008, pursuant to 28 U.S.C. § 2254, challenging his September 14, 2005 judgment of conviction in New York State County Court, Sullivan County. Petitioner was convicted of one count of Intimidating a Victim or Witness in the Third Degree (N.Y. Penal Law § 215.15(1)), one count of Aggravated Cruelty to Animals (N.Y. Agriculture and Markets Law § 353-a), one count of Aggravated Harassment in the Second Degree (N.Y. Penal Law § 240.30(1)), and one count of Criminal Contempt in the Second Degree (N.Y. Penal Law § 215.50(3)). On November 3, 2005, Petitioner was sentenced to a determinate term of two (2) years in prison on the Aggravated Cruelty to Animals charge, an indeterminate term of one and one-third (1 1/3) to four (4) years in prison on the Intimidating a Witness charge, a determinate term of one (1) year on the Aggravated Harassment charge, and a determinate term of one (1) year on the Criminal Contempt charge. The sentences were to run concurrent with one another, except that the animal cruelty sentence was to run consecutive to the others.[1] (Sentencing Tr. 44.)

---

[1] The Report and Recommendation states that the prison terms were all to be concurrent, (R&R 1), but this appears to be an error. The length of the sentence is immaterial to the outcome here.

The Court referred this case to Magistrate Judge Lisa Margaret Smith, pursuant to 28 U.S.C. § 636(b). (Dkt. No. 2.) Magistrate Judge Smith issued a Report and Recommendation ("R&R") concluding that the Court should deny the Petition. (Dkt. No. 14.) The R&R notified Petitioner of his right to file objections to the R&R, (R&R 16–17), but none were filed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and they must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(c), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(c)-(f), *see* Fed. R. Civ. P. 6(d).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

As noted, Petitioner has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court has construed Petitioner's pro se pleadings liberally to raise the strongest arguments that they suggest. *See*

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Triestman v. Fed. Bureau of Prisons*, 420 F.3d 421, 424 (2d Cir. 2006) (per curiam). The Court finds no clear error in the R&R and therefore adopts its conclusions in their entirety.

Magistrate Judge Smith's R&R thoroughly addresses the single claim presented in the Petition — a constitutional challenge to the sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979) — and the Court can add little to the R&R's merits discussion. (R&R 11–16.) However, a few brief jurisdictional remarks are in order, as the Court has an independent and ongoing duty to assure itself that it has jurisdiction to render a decision. *See Coll. Standard Magazine v. Student Ass'n of State of Univ. of N.Y. at Albany*, 610 F.3d 33, 35 (2d Cir. 2010) (Courts have "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." (internal quotation marks omitted)).

First, though the R&R does not directly address the question, the Court is satisfied that Petitioner meets the "in custody" requirement of 28 U.S.C. § 2254(a). That provision specifies that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a) (emphasis added). On June 24, 2008, when Petitioner filed the Petition here, he already had completed the prison term arising from these charges. (R&R 2.) However, he appears to have remained on parole until September 21, 2009. (*Id.*) The cases are clear that prisoners not incarcerated but instead living under a form of correctional supervision are nonetheless considered "in custody" for purposes of § 2254, and therefore the Court has jurisdiction to entertain this Petition. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) ("[A] petitioner under supervised release may be considered 'in custody'"); *Harvey v. People of N.Y.*, 435 F. Supp. 2d 175, 177 (E.D.N.Y. 2006) (same).

3

Second, as the R&R correctly notes, even if a court had initial jurisdiction to entertain a petition, it must assure itself that the case is not mooted by the expiration of a petitioner's entire state-imposed sentence. (R&R 8.) The governing law is that "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction — must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Here, this requirement is met, even though Petitioner's whereabouts are unknown. While the R&R notes that Petitioner, an alien, had been facing removal proceedings as a result of his state convictions, (R&R 9), it appears to the Court that those proceedings have concluded and Petitioner has actually been removed from the country. A December 31, 2008 letter from Petitioner's immigration attorney apprised the Court that Petitioner was then facing removal proceedings, (Dkt. No. 13), and on September 30, 2009, the Board of Immigration Appeals affirmed an Immigration Judge's order that Petitioner be removed, *see In re DeGiorgio*, No. A012 381 134, 2009 WL 3250319 (B.I.A. Sept. 30, 2009). Since then, the Court has not received any correspondence from Petitioner or anyone in contact with him, and the Court's most recent mailing to Petitioner was marked return to sender. (Unnumbered Dkt. Entry of June 25, 2012.) Assuming Petitioner was removed sometime following the expiration of the immigration appeals process, there remains a live controversy. This is because the lifetime bar on reentry into the United States for aliens, like Petitioner, who have been convicted of an "aggravated felony" is a sufficiently concrete "collateral consequence" of a state conviction to maintain a petitioner's personal stake in the outcome. *See United States v. Hamdi*, 432 F.3d 115, 121 (2d Cir. 2005) (holding that a habeas petition from an alien who had been removed from the country "presented a live controversy because the writ, if granted, would remove a permanent bar on readmission and

allow [a petitioner] to seek a purely discretionary form of relief from deportability."); *see also Mitchell v. People of N.Y.*, No. 03-CV-3303, 2007 WL 3355550, at *5 (S.D.N.Y. Sept. 12, 2007), *adopted by* 2007 WL 3340832 (same).

With the Court satisfied that it is appropriate to exercise jurisdiction over this Petition, the Court need not elaborate on the merits discussion in the R&R.[2] (R&R 11–17.) The Court finds no error, clear or otherwise, in the R&R's conclusion that the state appellate court's decision affirming Petitioner's conviction was neither "contrary to," nor "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d).[3]

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated March 8, 2011, is ADOPTED in its entirety. It is further

ORDERED that the petition is dismissed with prejudice. It is further

---

[2] Although Petitioner's state appellate brief, which was appended to his habeas petition, raised the issue that his sentence was excessive, Petitioner did not argue to the state appellate court that the sentence in any way violated *federal* law, and so the R&R declined to entertain the excessive sentence argument on collateral review. (R&R 11 n.2.) This was proper because "the Second Circuit has broadly stated that '[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.'" *Taylor v. Poole*, No. 07-CV-6318, 2009 WL 2634724 (S.D.N.Y. Aug. 27, 2009) (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992) (per curiam) (alterations in original)). Petitioner, in his appellate brief, acknowledges that the sentences prescribed were all within the state statutory range. (State Appellate Br. 28 (noting that Petitioner was sentenced "to the maximum sentence possible on each count.")) Accordingly, even construing the pro se pleading liberally, there is no federal issue presented, and therefore Petitioner is not entitled to habeas relief on this basis.

[3] The Court wishes to make one minor correction to the R&R's factual description: the R&R says that the victimized dog was a Chihuahua, (R&R 14); actually, the dog was a Dachshund, (*see* Trial Tr. 27); *New York v. DeGiorgio*, 827 N.Y.S.2d 342, 344 (App. Div. 2007). The minor error is entirely immaterial to the outcome.

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated: March 12, 2013
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE